A. H. SUDDERTH, G'dn, v. R. D. McCOMBS and others, Adm'rs.

*Petition to Rehear—Affirmance of Judgment.*

The decision in *Sudderth* v. *McCombs*, as reported in 79 N. C., 398, is affirmed, and must stand as the judgment of this court.

PETITION to Rehear, filed at June Term, 1879, and heard at January Term, 1880, of THE SUPREME COURT.

*Messrs. Merrimon & Fuller,* for defendant petitioners.
*Messrs. Battle & Mordecai, contra.*

DILLARD, J. The intestate of defendant received as guardian from the executor of Abram Harshaw, in May and June, 1859, bonds belonging to the estate amounting to the sum of $7,716.50, which it was his duty to collect and invest, or change into his own name as guardian, so as to make it a fund bearing interest at a compound rate. Besides these ante-war notes, the guardian had under his control valuable real estate and several negro slaves, from which property a considerable quantity of confederate money was yielded every year, and with the same the guardian was chargeable up to the emancipation of slaves, and afterwards with the rents of the lands only up to the majority of the wards in 1873.

The referee, Allman, in his account reported to the court below and accompanying the appeal to this court, charged the guardian with the amount of the bonds turned over to him in May and June, 1859, and with all the receipts from the rent of land and hire of slaves, with compound interest to the first of January, 1873, and after crediting him for all commissions and vouchers, including a Confederate State's certificate for $6,000, he made a balance against the guar-

dian of $7,333.38, as of said first of January. The plaintiff excepted to the report because of the credit given for the confederate certificate, and the defendants excepted, for that they were not credited with a confederate bond or bonds for $3,400, and for other matters not material to be here specified.

On the hearing of the appeal in this court, the exception of the plaintiff as to said certificate was sustained, and that of defendants as to the confederate bonds was overruled, and the other exceptions on the part of defendants were disposed of as set forth in the opinion of this court, reported in 79 N. C., 398.

The account as taken by Allman, being remodeled in conformity to the opinion, the balance due from the guardian was increased, by the sum of the certificate for $6,000 and interest computed thereon, from $7,333.38, the footing of Allman's account, to the sum of $19,169.71, as of June term, 1878, and for that sum judgment was given against the defendants in this court.

In the petition to rehear, it is assigned for error that while it appears from the pleadings, testimony, and reports on file that the rents of land and the hires of slaves must have been received in depreciated currency, and that collections to some extent were made on the old notes in the same kind of money, the judgment of this court, by inadvertence or hasty consideration, held the guardian chargeable for the nominal value of the confederate money.

The same matters, involved in the present action, came up to the January term, 1871, of this court upon exceptions to the report of a referee, the same as now, and the action was dismissed on the ground that jurisdiction of the subject matter was with the probate court, with an expression of opinion by the court as a guide to further proceedings, that it was necessary to show when and under what circumstances the money converted into the certificates and bonds

of the Confederate States was received, and with a suggestion that the proofs taken as to this matter were insufficient. See *Sudderth* v. *McCombs*, 65 N. C., 186.

The defendants certainly had no right to complain of not being allowed an opportunity to make proof of the source whence the money came, that was claimed to be embraced in the confederate securities, and of the time when it was received, after being warned by this court of the necessity to have evidence on those points. And in our opinion they are equally without errors in law to complain of in the judgment of this court, given upon their case, deficient in proof as it was.

It may be, and we strongly suspect that some portion of the good notes was collected in depreciated money under circumstances to justify the apparent negligence in its reception. But the misfortune is, that when opportunity was given from the June term, 1871, when the case first came to this court, down to June term, 1878, when the judgment said to be erroneous was rendered, no proof was obtained tracing the connection of those solvent ante-war notes with the confederate securities. The notes turned over, amounting to $7,716.50, were solvent, and there was time to collect and invest or change the bonds into the guardian's name before any confederate money was ever issued, and hence it was his legal duty to have on hand the amount thereof in bonds secured by good personal security or otherwise, or if received in confederate money, then to show when received and his reasons therefor.

In the absence of such proof, the court with evident reluctance proceeded to pronounce the judgment of the law upon the case as it was, and we are unable in view of the state of the proofs to conclude that any part of the money covered by the confederate securities was received under circumstances to justify its reception, and to say there was error in refusing credit therefor.

The second ground of error is, that in Allman's account, compound interest is charged on $4,541.24 (being a part of the notes turned over in 1859) from the delivery of the notes in 1859 to the first of January, 1864. The fact appears to be that the referee at first charged up the said sum with interest *after* the first of January, 1864, and that afterwards at the end of his account he estimated and added in the interest for the omitted years from 1859 to 1864, which in effect was a charge of the interest for the whole time from 1859 to the full age of the wards in 1873. As to this point there was an exception by defendants, but the record shows that the same was abandoned in the court below, and it was not insisted on in this court. If there was anything unjust in this particular, it is inadmissible to defendants to assign for error this charge for interest, after withdrawing all objections to the same from the consideration and judgment of the court.

We have carefully examined the record as regards the two errors assigned, and although injustice may possibly be done to the estate of the deceased guardian, it is not made to appear, and, consistently with the policy to have an end of litigation, the former judgment of this court must be affirmed.

No error.                              Affirmed.